IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CAROL TYLER,**<br><br>      **Plaintiff,**<br><br>   vs.<br><br>**WELLS FARGO BANK, N.A.,**<br><br>      **Defendant.** | **Case No. 3:25-cv-1731-DWD** |

**AGREED ESI PROTOCOL**

**1.   Sources and scope of the production of electronically stored information:**

    The parties have met and conferred to discuss the discovery of electronically stored information ("ESI") and will, to the extent feasible, cooperate to avoid unnecessary expense in connection with such discovery. In particular, the parties have discussed a) the sources of all parties' discoverable ESI, taking into account appropriate objections including proportionality and sources not reasonably accessible because of undue burden or cost, b) that all parties are on notice to preserve discoverable ESI, c) privilege, confidentiality, and claw-back issues addressed in the Stipulated Protective Order and Clawback Agreement. The parties further agree throughout the course of the case, to continue to meet and confer on electronic discovery issues, including the following issues, if warranted:  a) production and review methodologies, including de-duplication techniques and procedures, key word methodologies to be used to locate, search, refine and produce ESI, and the manner in which the parties believe they can reasonably produce discoverable ESI from databases and similar data sources;  b) the timing for the production of ESI, including the use of a "rolling production" methodology; c) cost-limiting and/or allocation issues surrounding the preservation, harvesting, processing, review and production of ESI requested by a party to ensure proportionality;  and d) the need to preserve and search sources of ESI that any party identifies as not reasonably accessible, including the need for such information in the first instance and limiting or shifting costs should there be such a need.

**2.   Format for the production of electronically stored information:**

The parties have met and conferred regarding the format of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF Files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

A. **Production Format in General.**

All documents (whether originally electronic or hard copy paper) should be produced as TIFF image files# (black-and-white) and as JPEG image files# (color) in electronic form on a CD-ROM (or on other removable media), or delivered via secured FTP. All production documents should be accompanied by a Concordance .DAT load file. The Concordance .DAT file should contain the following delimiters:

| Field Separator | ¶ | (ASCII:0020) |
| Quote | þ | (ASCII:0254) |
| Multi-Entry Delimiter | ; | (ASCII:0059) |
| <Return> Value in Data | ® | (ASCII:0174) |

The TIFF images should be produced as single-page Group IV TIFF format with an Opticon image load file. The Opticon image load file should contain the BEGBATES value for each corresponding document and appropriate path or folder information to the corresponding images that comprise each document. Each TIFF or JPEG image should be individually Bates numbered (each party using a unique prefix of letters as appropriate, without punctuation, and each page having a unique number of at least six digits, with no separator between the letters and numbers). The Bates number must not obliterate, conceal, or interfere with any information on the produced document.

B. **Production Format from Electronic Format.**

For documents that are produced directly from electronic format, the full extracted text will be provided by a link in the main (.DAT) load file.

To the extent readily available at the time of retrieval, the following extracted data and metadata fields shall be provided in the Concordance .DAT file:

- FOR E-MAIL AND E-DOCS (REQUIRED)
    - PRODUCTION BEG NUM
    - PRODUCTION END NUM
    - PRODUCTION BEG ATTACH[1]

---

[1] PRODUCTION BEG ATTACH should contain the PRODUCTION BEG NUM value of an

- PRODUCTION END ATTACH
- CUSTODIAN[2]
- CONFIDENTIALITY DESIGNATION
- MESSAGE FROM
- MESSAGE TO
- MESSAGE CC
- MESSAGE BCC
- MESSAGE SUBJECT
- MESSAGE DATE/TIME SENT#
- MESSAGE DATE/TIME SENT OFFSET∆
- MESSAGE DATE/TIME RECEIVED#
- MESSAGE DATE/TIME RECEIVED OFFSET∆
- MESSAGE ATTACHMENT COUNT
- MESSAGE ATTACHMENT NAMES
- MESSAGE HAS ATTACHMENTS
- TIME ZONE OFFSET∞
- FILE AUTHOR
- FILE DATE CREATED#
- FILE DATE CREATED OFFSET∆
- FILE DATE MODIFIED#
- FILE DATE MODIFIED OFFSET∆
- FILE NAME
- FILE SIZE
- FILE EXTENSION
- ORIGINAL FOLDER NAME[3]
- PAGE COUNT
- MD5 HASH
- LINK TO NATIVE FILE[4]

---

attachment's parent document. PRODUCTION BEG ATTACH for a parent document is equal to the PRODUCTION BEG NUM for the parent document.

[2] If it has been captured.

[3] Mailbox Path for E-Mails or Original Path for E-Docs.

[4] Only for data being produced natively; see Section C below.

- o   LINK TO EXTRACTED TEXT[5]

    - FOR SCANNED HARDCOPY DOCUMENTS
        - o   PRODUCTION BEG NUM
        - o   PRODUCTION END NUM
        - o   PAGE COUNT
        - o   LINK TO TEXT[6]

These are the only metadata fields that the parties are required to collect and produce, to the extent they are readily available at the time of retrieval.

**C.   De-Duplication.**

Cross-Custodian De-Duplication[7] (also known as Horizontal Duplication) will be applied to all data. Duplicate custodian name and a duplicate custodian path will be provided to memorialize the location of all deduped data.

**D.   Native Production.**

Where feasible, non-redacted Excel, and Multi-Media files shall be produced in their native format. Select PowerPoint files may be produced natively upon request if such files contain multi-media or obscured animated content. A single-page TIFF slip sheet branded with a unique Bates number and the phrase "PRODUCED IN NATIVE FORMAT" shall accompany all items produced in native format. The corresponding load file shall include NativeFileLink information for each native file that is produced.

**E.   Databases or Structured Data.**

If a party is providing databases or structured data, the parties will confer to discuss the appropriate delivery format.

---

[5] Extracted text will be provided at the document level – not the page level.

[6] Extracted text will be provided at the document level – not the page level.

[7] *See The Sedona Conference Glossary: eDiscovery & Digital Information Management, Fifth Edition*, 21 SEDONA CONF. J. 263, 286 (2020).

F.  **Social Media and Web Content.**

Social media and other web content shall be produced as Group IV TIFF image files (black-and-white) and JPEG image files (color) with associated metadata load files. The parties will further confer regarding the specific web pages and available metadata.

G.  **Embedded Documents.**

If reasonably possible, embedded documents (*e.g.* a spreadsheet embedded within a word processing document) will be extracted and produced as an independent document, related back to the respective top level parent document. Related documents will be produced within a continuous Bates range. Nothing in this paragraph will require a party to extract or produce information from an embedded or attached internet link.

H.  **Tracked Changes and Other Hidden Content.**

To the extent that a document contains tracked changes or other hidden content, it should be imaged showing tracked changes or other hidden content.

**WE SO MOVE and agree to abide by the terms of this Order:**

*/s/*  *Charles J. Baricevic*
**Counsel for Carol Tyler**                              DATE


*/s/*  *Patricia J. Martin*
**Counsel for Wells Fargo Bank, N.A.**                   DATE


SO ORDERED.

Dated: February 11, 2026

s/ *David W. Dugan*
DAVID W. DUGAN
United States District Judge

5