**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Carol Tyler, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 25-cv-01731-DWD |
| | ) |
| Wells Fargo Bank, N.A., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Defendant Wells Fargo Bank, N.A. moves to dismiss Plaintiff Carol Tyler's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 23). Plaintiff did not respond. For the reasons below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## Background

Plaintiff alleges that she worked for Wells Fargo from September 2015 until September 2023 and served as a Senior Vice President in Independent Testing and Validation ("IT&V"). (Doc. 1, ¶¶ 7, 9). Beginning in March 2022, Plaintiff allegedly identified and reported "serious inaccuracies" in IT&V risk-coverage and reporting data used in disclosures to senior management, Wells Fargo's Board of Directors, and regulators. (Id. ¶ 10). She alleges that her reports concerned federal securities and banking laws and that Wells Fargo retaliated against her before terminating her employment. (Id. ¶¶ 11–13).

Plaintiff further alleges that Wells Fargo terminated her for reporting both financial-reporting inaccuracies and unsafe workplace conditions. (Id. ¶ 32). She also alleges that Wells Fargo maintained severance policies and practices that created an implied contract to provide severance to displaced employees, but that Wells Fargo failed to provide her severance after her displacement. (Id. ¶¶ 42–46).

Count I asserts retaliation under the Sarbanes-Oxley Act ("SOX"), Count II asserts retaliation under the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"), Count III asserts Illinois common-law retaliatory discharge, and Count V asserts breach of implied contract based on Wells Fargo's alleged severance policies.

### Legal Standards

Rule 12(b)(1) permits dismissal for lack of subject-matter jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing it. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). Because Wells Fargo raises a facial challenge, the Court accepts the Complaint's well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiff's favor. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021). A facial challenge under Rule 12(b)(1) is evaluated under the same *Twombly–Iqbal* plausibility standard applicable under Rule 12(b)(6). *Silha v. ACT, Inc.*, 807 F.3d 169, 173–74 (7th Cir. 2015).

A Rule 12(b)(6) motion tests the sufficiency of the complaint. The Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiff's favor. To survive dismissal, the Complaint must state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

2

plausible when the pleaded facts permit a reasonable inference that Defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Relevant here, SOX requires an employee alleging retaliation to file a complaint with the Secretary of Labor within 180 days after the alleged violation or the date on which the employee became aware of it. Only after that may the employee bring a *de novo* action in federal court. 18 U.S.C. § 1514A(b)(1)(A)–(B), (b)(2)(D). SOX protects a whistleblower only when the employee subjectively believed fraud was occurring and that belief was objectively reasonable. *Verfuerth v. Orion Energy Systems, Inc.*, 879 F.3d 789, 793–94 (7th Cir. 2018).

Dodd-Frank, by contrast, protects only a "whistleblower" who provided information relating to a possible securities-law violation to the SEC in writing before the retaliation for which relief is sought. 15 U.S.C. § 78u-6(a)(6), (h)(1); 17 C.F.R. § 240.21F-2(a)(1), (d)(1)(i); *Digital Realty Tr., Inc. v. Somers*, 583 U.S. 149, 155–65 (2018).

Under Illinois law, a retaliatory-discharge plaintiff must allege that the employer discharged the employee, the discharge was in retaliation for the employee's activities, and the discharge violated a clearly mandated public policy. *Turner v. Memorial Medical Center*, 233 Ill. 2d 494, 500 (2009). A broad, general statement of policy is insufficient; the employee must identify a specific expression of public policy and show that the discharge contravened the policy it clearly mandates. *Id.* at 502–04.

To state a breach-of-contract claim under Illinois law, a plaintiff must plead a valid and enforceable contract, substantial performance, breach, and damages. *Hernandez v. Illinois Institute of Technology*, 63 F.4th 661, 667 (7th Cir. 2023). An employee policy creates

3

enforceable contractual rights only if its language contains a promise sufficiently clear that the employee would reasonably believe an offer was made, the policy was disseminated so the employee was aware of its contents and reasonably believed it was an offer, and the employee accepted by commencing or continuing work after learning of it. *Sutula-Johnson v. Office Depot, Inc.*, 893 F.3d 967, 972 (7th Cir. 2018) (citing *Duldulao v. Saint Mary of Nazareth Hospital Center*, 115 Ill. 2d 482, 490 (1987)).

### Discussion

**Count I – SOX**

Wells Fargo's jurisdictional argument fails, but its Rule 12(b)(6) argument succeeds.

Wells Fargo advances two related jurisdictional arguments. Plaintiff does not allege either that she made a timely filing or that she made an OSHA filing at all. The timeliness argument fails because an untimely administrative filing is not a jurisdictional defect. *Fleszar v. U.S. Department of Labor* 598 F.3d 912 at 914 (7th Cir. 2010). The nonfiling argument also fails at this stage because Wells Fargo relies solely on the absence of an allegation, which is insufficient to support a facial jurisdictional challenge. The Complaint does not affirmatively establish that Plaintiff failed to file an administrative complaint. The Rule 12(b)(1) challenge is therefore **DENIED**.

At the same time, the Complaint falls short in that it does not plausibly allege protected activity. SOX does not protect every internal report concerning regulatory compliance. But, while Plaintiff need not identify the precise statute or rule she believed was violated, she must allege facts connecting the reported conduct to one of §

4

1514A(a)(1)'s protected categories.      Plaintiff alleges that she reported "serious inaccuracies" in risk-coverage and reporting data used in disclosures to management, the Board, and regulators, and that her reports concerned federal securities and banking laws. (Doc. 1, ¶¶ 10–11, 18). But she does not identify the inaccuracies, explain how they rendered or could render any disclosure false or misleading, or otherwise connect the reported conduct to an enumerated fraud statute, SEC rule or regulation, or federal law concerning shareholder fraud. Her general assertion that she reasonably believed a securities-law violation occurred is a legal conclusion unsupported by the necessary factual connection. See *Verfuerth*, 879 F.3d at 793–95. Count I is therefore **DISMISSED** without prejudice under Rule 12(b)(6).

**Count II – Dodd-Frank**

Count II fails because the Complaint does not allege the SEC report required by Dodd-Frank. Plaintiff alleges that she disclosed violations and regulatory deficiencies that could mislead shareholders, regulators, and the investing public. (Doc. 1, ¶ 24). She does not allege that she provided information in writing to the SEC before the alleged retaliation. And the allegation that IT&V data were "used in disclosures" to unspecified regulators does not support a reasonable inference that Plaintiff herself made a qualifying SEC submission. (Id. ¶ 10). Count II is therefore **DISMISSED** without prejudice under Rule 12(b)(6).

**Count III – Retaliatory Discharge**

Count III fails because the Complaint does not identify a clearly mandated public policy that Plaintiff's discharge allegedly violated. Plaintiff alleges that she was

5

terminated for reporting "financial reporting inaccuracies and unsafe workplace conditions" and that her termination violated Illinois public policy protecting employees who report unlawful conduct. (Doc. 1, ¶¶ 31–32). Those allegations describe the subject of her reports only at a high level.

Although the Complaint elsewhere invokes SOX, Dodd-Frank, federal securities laws, and SEC rules, it does not identify what reported conduct violated a particular law or rule or otherwise explain how the discharge contravened the public policy that source clearly mandates. The workplace-safety allegation is likewise untethered to a specific statute, regulation, or other authoritative source of public policy. These generalized assertions do not satisfy *Turner*. Count III is therefore **DISMISSED** without prejudice under Rule 12(b)(6).

**Count V – Breach of Implied Contract**

Count V fails because the Complaint does not plausibly allege contract formation or breach. Plaintiff alleges that Wells Fargo maintained "severance policies and practices" creating an implied contract and that she was entitled to severance commensurate with her service and contributions. (Doc. 1, ¶¶ 42–44). But she does not identify the operative policy or its terms, allege a clear promise that was communicated to and accepted by her, or plead facts showing that she was eligible for severance under the policy. Nor does she identify the contractual obligation Wells Fargo failed to perform. *Sutula-Johnson* requires more of the pleader.

Without those facts, the general assertion that Wells Fargo's policies and practices created an implied contract does not support a reasonable inference that an

enforceable contract existed or was breached. Count V is therefore **DISMISSED** without prejudice under Rule 12(b)(6).

**Counts IV (Illinois Whistleblower Act) and VI (Negligence and Premise Liability)**

Plaintiff's claims under Counts IV and VI are sufficiently pled. Defendant's challenges to those counts are therefore **DENIED**.

### Disposition

Defendant's Motion to Dismiss (Doc. 23) is **GRANTED IN PART** and **DENIED IN PART**. The Rule 12(b)(1) challenge to Count I is **DENIED**. Counts I, II, III, and V are **DISMISSED** without prejudice under Rule 12(b)(6). The remainder of Defendant's Motion to Dismiss (Doc. 23) is **DENIED**.

Plaintiff may file an amended complaint, if at all, on or before September 4, 2026.

**SO ORDERED.**

Dated: August 7, 2026

Judge Dugan

Digitally signed by Judge Dugan
Date: 2026.08.07 16:31:50 -05'00'

_____
DAVID W. DUGAN
United States District Judge